UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERRY HINES | ) |
| | ) |
| v. | ) Case No. 1:19-CV-11-HSM-CHS |
| | ) |
| PILGRIMS PRIDE | ) |

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Terry Hines filed an application to proceed *in forma pauperis* [Doc. 2] in this action he has filed *pro se*. Under 28 U.S.C. § 1915(e)(2), courts have the responsibility to screen all cases filed by plaintiffs seeking *in forma pauperis* status and dismiss any case that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008). The Court also has a duty to determine whether it has subject matter jurisdiction to adjudicate an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.") The party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### II. Discussion

Plaintiff's complaint alleges race discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et al. seq.* and the Tennessee Human Rights Act,

Tenn. Code Ann. § 4-21-401(a).  Plaintiff's complete set of allegations in his complaint are as follows:

> Defendants have acted to deny my rights under Title VII, 1964 Civil Rights Act, 42 U.S.C. § 2000(e)-2000e-2 and the Tennessee Human Rights Act ("THRA") based on race, African American, by paying me less than similarly situated white employees doing the same job under similar circumstances.

[Doc. 1, Complaint ¶ 4].

In order to bring a claim under Title VII, a claimant must first exhaust his administrative remedies.  *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002) (citing *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir.2001)).  Exhausting administrative remedies means filing a timely claim with the Equal Employment Opportunity Commission (EEOC) and receiving and acting upon the EEOC's statutory notice of right to sue. *Watson v. Ohio Dep't of Rehab. & Corr.*, 167 F. Supp.3d 912, 922 (S.D. Ohio 2016); *Smith v. HealthSouth Rehab. Ctr. of Memphis, Ltd.*, 234 F. Supp.2d 812, 814 (W.D. Tenn. 2002).  The plaintiff bears the burden to show he has exhausted his administrative remedies.  *Id.*  Plaintiff's complaint does not indicate whether he has filed an administrative claim and whether he has received notice from the EEOC that it has completed its investigation into his claim and that he has the right to bring suit in this Court.  Accordingly, the Court will recommend this Title VII claim be dismissed without prejudice for failure to exhaust administrative remedies.

Dismissal of Plaintiff's Title VII claim leaves one remaining claim: his race discrimination claim brought under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401(a).  Subject matter jurisdiction to address this state law claim lies in diversity jurisdiction under 28 U.S.C. § 1332.  To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states.  28 U.S.C. § 1332(a).  Federal diversity jurisdiction requires complete diversity – no defendant may be a citizen of the

same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). Here, the complaint fails to establish that the Plaintiff and Defendant are citizens of different states. The complaint also fails to show that the amount in controversy exceeds $75,000. The complaint thus fails to establish diversity of citizenship that would confer subject-matter jurisdiction.

"[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (citations omitted). The complaint does not contain the requisite jurisdictional statement setting forth the basis on which this Court has subject matter jurisdiction in this case.

### III. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[1] that this action be **DISMISSED** without prejudice and that the application for *in forma pauperis* status be **DENIED** as moot.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).